# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>[79] MARCOS MARTINEZ MEDINA,<br>    Defendant. | CRIM. NO.: 97-0082 (RAM) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### RE: Amendment 821

The below report and recommendation relates to an initial determination as to the defendant's eligibility for a sentencing reduction promulgated by the United States Sentencing Commission under Part A and Part B, Subpart 1 of Amendment 821 to Policy Statement §1B1.10(d).

After careful review of the defendant's presentence report, charging document (s), plea agreement, plea supplement, judgment, and statement of reasons, I recommend that:

☒ **The defendant is <u>not</u> eligible for a sentence reduction based on the following factor** (s):

☐ A. The guidelines range that applied in the defendant's case was not determined by U.S.S.G. § 4A1.1(d) or defendant's status as a zero-point offender under Chapter 4, Part A.

☒ B. The defendant does not meet <u>all</u> of conditions specified by § 4C1.1. Specifically, one or more of the following criteria applies:

   ☐  1) the defendant has criminal history points from Chapter Four, Part A;

   ☐  2) the defendant received an adjustment under U.S.S.G. § 3A1.4 (Terrorism);

   ☒  3) the defendant used violence or credible threats of violence in connection with the offense;

   ☒  4) the offense resulted in death or serious bodily injury;

   ☐  5) the offense of conviction was a sex offense;

   ☐  6) the defendant personally caused substantial financial hardship;

   ☒  7) the defendant possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or otherwise dangerous weapon (or induced another participant to do so) in connection with the offense;

- ☐ 8) the offense of conviction was covered by U.S.S.G. § 2H1.1 (Offenses Involving Individual Rights; or

- ☐ 9) the defendant received an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense).

- ☐ 10) the defendant received an adjustment under §3B1.1 (Aggravating Role) and/or was engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

☐ C. The application of Amendment 821 Part A and Part B, subpart 1 does not have the effect of lowering the defendant's applicable guideline range. *See* § 1B1.10 (a) (2) (B).

☐ D. The defendant was originally sentenced to a term of imprisonment that is less than or equal to the minimum of the guideline range as amended by Amendment 821 Part A and Part B, subpart 1, and no exception for substantial assistance applies. *See* § 1B1.10 (b) (2) (A).

☐ E. The defendant was sentenced to a statutorily mandated minimum imprisonment term. The defendant did not comply with the safety valve provisions and did not receive a reduction of his or her imprisonment term based on a departure for substantial assistance or a Rule 35 motion subsequent to the original sentence. *See* § 1B1.10 (c).

Since a determination of ineligibility has been made, the matter is formally submitted to the presiding District Court Judge. Defense counsel, whether retained, appointed, or *pro bono*, has fourteen days to object to the initial assessment of ineligibility. After the fourteen-day period, and in the absence of an objection by defense counsel, the presiding District Court Judge may adopt the recommendation of the Magistrate Judge and may rule on the motion for reduction of sentence.

☐ **The defendant may be eligible for a sentence reduction and therefore the matter is referred to a United States District Judge.**

The presiding judicial officer shall wait for the parties' stipulation of a sentence reduction within fourteen days. If no stipulation is reached within this period, the presiding judicial officer shall wait for the United States Probation Office, defense counsel, and the Government's memoranda, which shall be filed within another fourteen days.

**Reasons**:

<u>The defendant was convicted after a jury trial of violating Title 21, *United States Code*, Section 846 (conspiracy to possess with intent to distribute multiple kilograms of cocaine, heroin and marijuana). *See* Judgment at Docket No. 2214 at 1. He was sentenced to serve 405 months of incarceration. *Id.* at 2. At the time</u>

of his original sentencing, he had zero criminal history points and therefore was a zero-point offender. *See* Presentence Report ("PSR"), Docket No. 2190 at ¶ 62. The applicable guideline section used by the Court to determine defendant's Base Offense Level was § 2D1.1(d)(2) (the equivalent of today's § 2D1.1(d)(1)(effective Nov. 1, 2024)), which provides for the cross-over application of the provisions of Guideline § 2A1.1, *First Degree Murder*, in convictions pursuant to 21 U.S.C. §846, where a victim is killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States. *See* PSR, Docket No. 2190 at ¶ 53.

Although he was a zero point offender, for the following reasons, the Court determines that the defendant does not meet all the conditions specified by Guideline § 4C1.1. First, he used violence in connection with the offense. Second, the offense resulted in death or serious bodily injury. And third, he possessed a firearm in connection with the offense. In support of each of these disqualifying conditions, the record provides the following.

In Paragraph 37, the PSR indicates that Messrs. José A. Negrón-Santiago and Romane (it should read "Rosemarie") Santiago-Rodríguez were killed on or about February 14, 1997 by Messrs. Andrés García-Torres and Marcos Martínez-Medina. *See* PSR, Docket No. 2190 at ¶ 37.

Furthermore, Paragraph 63 of the PSR states that,

> On March 19, 1998, Mr. Martínez was arrested by officers of the Police of Puerto Rico. The defendant was charged with two complaints for violation of the PR Weapons Law, Articles, 6 and 8, and two charges of first degree murder. The complaints were filed at [the] Court of First Instance, Ponce, Puerto Rico, on December 10, 1997. The same read that on or about February 14, 1997, in Ponce, Puerto Rico, the defendant, together with . . . Andrés García-Torres (both co-defendants in the instant case), aiding and abetting each other, possessed a loaded 9mm pistol, carried [the] same without a license, and caused the death of José A. Negrón-Santiago and Rosemarie Santiago-Rodríguez. The case is pending trial.

3

PSR at 21, Docket No. 2190 at ¶63.

Notwithstanding the fact that the state murder case was still pending trial at the time of defendant's sentencing in this case, the Statement of Reasons demonstrates that the Court here considered the murder as part of the defendant's sentencing conduct. More specifically, in the statement of reasons, the District Judge noted that he was accepting "the factual findings and guideline application in the presentence report except that" he found that defendant Martínez-Medina "had a minor role in the charged conspiracy, *including the murder*, and was less culpable than the other participants." *See* Statement of Reasons, Docket No. 2214 at 5. (Emphasis added).

Therefore, because the defendant does not meet all of the conditions specified by Guideline Section 4C1.1, he is NOT eligible for a sentence reduction under Amendment 821.

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 31st day of July 2025.

s/Marshal D. Morgan
U.S. Magistrate Judge
District of Puerto Rico

4